# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-23238-CIV-WILLIAMS/SIMONTON

JILLIAN MEYER,

    Plaintiff,

v.

NCL (BAHAMAS), LTD.,

    Defendant.

_____/

## ORDER REGARDING DEFENDANT'S ASSERTION OF WORK PRODUCT PRIVILEGE

This matter is before the Court pursuant to the undersigned's Order Following Discovery Hearing that instructed the Parties submit briefing regarding the Defendant's assertion of the work product privilege for certain documents requested by the Plaintiff, ECF No. [43]. The Honorable Kathleen M. Williams, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge, ECF No. [20]. For the reasons set forth below, the undersigned concludes that the challenged documents, with the exception of a blank form, are protected by work product privilege, and the Defendant is not required to disclose them.

    I.    **BACKGROUND**

On July 27, 2016, the Plaintiff filed her Complaint, ECF No. [1]. The Complaint has a single claim for negligence. The Plaintiff alleges that on July 25, 2015, she was a minor, age 17, travelling onboard the Defendant's vessel, the *M/S GEM*. The Plaintiff alleges that she was attacked, raped and/or sexually assaulted by another minor passenger. The Plaintiff alleges that the Defendant knew or should have known that minor passengers patronizing onboard facilities would require a reasonable level of safety, security and supervision. The Plaintiff contends that the Defendant knew or should have known that

**there was a risk of crime on its ships and that a criminal attack upon the Plaintiff was reasonably foreseeable to the Defendant. The Plaintiff asserts that as a direct and proximate result of one or more of the negligent acts committed by the Defendant, the rape/sexual assault and battery occurred, and the Plaintiff suffered physical, emotional, and psychological pain. The Plaintiff alleges she has incurred medical bills and her earning capacity has been impaired. The Plaintiff also argues that the damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur compensatory damages in the future.**

**The Defendant has filed a Motion to Dismiss, which is pending, ECF No. [11]. The Defendant asserts that the Complaint should be dismissed because the Plaintiff has failed to sufficiently allege that the Defendant had actual or constructive notice of the risk creating condition or that the complained of danger was foreseeable.**

**The current dispute before the undersigned concerns the Plaintiff's request that the Defendant provide an incident report, a blank incident report form, handwritten notes, and witness statements pursuant to the Plaintiff's discovery requests. The Defendant asserts that the documents are protected by the work-product privilege.**

**II.     FRAMEWORK FOR ANALYSIS**

**Federal Rule of Civil Procedure 26(b) provides in relevant part,**

> 3) *Trial Preparation: Materials.*
>
> **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).
>
> But, subject to Rule 26(b) (4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

> **(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.**

Thus, as contemplated by this Rule, the work-product doctrine protects from disclosure materials prepared by an attorney acting for his client in anticipation of litigation. *See* Federal Rules of Civil Procedure, Advisory Committee Notes, Rule 26(b)(3), 1970 Amendment (discussing development of work product doctrine). The work product doctrine is distinct from and broader than the attorney-client privilege, and it protects materials prepared by the attorney, whether or not disclosed to the client, as well as materials prepared by agents for the attorney. *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979).[1]

However, in order for the work product doctrine to apply, the party asserting the doctrine must demonstrate that, at the time the documents were drafted, the drafting entity must have anticipated litigation. *CSK Transp., Inc. v. Admiral Ins. Co.*, 1995 WL 855421, at *2 (M.D. Fla. July 20, 1995). Thus, materials or documents drafted in the ordinary course of business are not protected. *Id.*

Therefore, a court must determine when a contested document was created, and why that document was created in assessing the applicability of the work product doctrine. *See, e.g. In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998) ("The 'testing question' for the work-product privilege ... is 'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'").

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Like assertions of attorney-client privilege, the burden is on the party withholding discovery to show that the documents should be afforded work-product production. *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir.1991) (applying rule for attorney-client issue); *Essex Builders Group, Inc. v. Amerisure Insurance Company*, No. 6:04-CV-1838-Orl-22JGG, 2006 WL 1733857 at *2 (M.D. Fla. June 20, 2006) (citing *Grand Jury Proceedings v. United States*, 156 F.3d 1038, 1042 (10th Cir.1998)) ("the party asserting work product privilege has the burden of showing the applicability of the doctrine").

Several Courts in this District have found that similar incident reports are generally protected by the work-product doctrine. *See Brown v. NCL, Ltd.,* 155 F. Supp. 3d. 1335, 1357 (S.D. Fla. 2015) (upholding work product claim of cruise ship incident report); *Fojtasek v. NCL, Ltd.,* 262 F.R.D. 650, 655 (S.D. Fla. 2009) (holding that incident report prepared by shore excursion company was protected by work product doctrine); *Hickman v. Carnival Corp.,* Case No. 04-20044-Civ-UNGARO (S.D. Fla. Aug. 16, 2004, ECF No. [34]) (denying motion to compel accident report and photographs of cruise incident).

While the privilege can be waived by disclosure to a third-party, "when disclosure of privileged material to the government agency is not in an adversary context, courts often recognize that the policy reasons for a waiver do not exist, and they conclude that no waiver was created." *Brown v. NCL, Ltd.,* 155 F.Supp.3d 1335, 1340 (S.D. Fla. 2015).

### III. <u>POSITION OF THE PARTIES</u>

Pursuant to her requests for production, the Plaintiff seeks the incident report regarding the Plaintiff's incident, a blank incident report form, handwritten notes made by two different ship security officers, a report completed by a ship security officer, and five witness statements. The Defendant has asserted the work product privilege as related to all of the documents and contends that the documents were made in

anticipation of litigation. The Defendant has provided an affidavit of Mr. Berman, the Director of Passenger and Crew Claims for the Defendant in support of its contention that the documents at issue were produced in anticipation of litigation. Mr. Berman stated in his affidavit that it is the policy of the Defendant to investigate claims of accidents in anticipation of claims and litigation and generally when an accident resulting in injury occurs, shipboard personnel investigate the claim, an accident report may be prepared and statements may be taken from witnesses. Mr. Berman asserts that all of the items listed in the Defendant's privilege log were prepared at the direction of counsel of the Defendant to assist the Defendant's claims department and defense counsel in the defense of litigation. Mr. Berman also states that the witness statements were prepared in anticipation of litigation and were provided to an FBI detective because the Defendant did not believe that it could withhold the witness statements from the FBI without hindering the FBI's investigation. Mr. Berman asserts that at the time the witness statements were provided to the FBI, the Defendant did not believe the FBI was an adversary and the Defendant provided the witness statements in order to cooperate with the FBI's investigation of a third-party (the alleged assailant in this case). The Defendant asserts that although the witness statements (and no other documents requested by the Plaintiff) were provided to the FBI, the Defendant's actions did not waive the asserted work product privilege.

The Plaintiff counters that even if the documents are protected by the work product privilege, the Defendant waived the privilege by providing the documents to the FBI.

IV. **ANALYSIS**

A. **Incident Report**

Because the incident report was prepared at the direction of counsel in anticipation of litigation, the undersigned finds that the incident report is protected by

the work product doctrine. *Brown v. NCL, Ltd.,* 155 F. Supp. 3d. 1335, 1357 (S.D. Fla. 2015); *Iaquinto v. Carnival Corp.,* Case No. 05-21652-JORDAN, ECF No. [18] (S.D. Fla. 2005); *Lobegeiger v. Royal Caribbean Cruises, Ltd.*, Case NO. 11-21620-CIV, 2012 WL 760857 (S.D. Fla. March 7, 2012). Additionally, an in camera review of the documents indicates that the incident report in particular was a collection of information that is geared towards the defense of litigation. Such reports are protected by the work product doctrine*. Bridgewater v. Carnival,* 286 F.R.D. 636, 643 (S.D. Fla. 2011). The undersigned also notes that the Plaintiff has not asserted that they have a substantial need for the document, and that it would prove an undue hardship for the Plaintiff to obtain the necessary information by any other means.[1] *See* Fed. R. Civ. P. 26(b)(3). Finally, because the incident report was not provided to the FBI or any other third party, it is not necessary to determine whether the protection was waived. As related to the exemplar copy of the incident report, the Defendant does not list the exemplar copy in its privilege log, and does not address the issue in its memorandum. Therefore, the Defendant shall provide an exemplar copy of the incident report form to the Plaintiff on or before August 11, 2017.

B. <u>Security Officer Notes</u>

Similarly, the undersigned finds that the notes completed by security officers Herring and Shrestha are protected under the work product doctrine. The undersigned finds the Defendant's assertion that the notes were compiled as part of the Defendant's procedures in anticipation of litigation persuasive, and the Plaintiff has not met her burden to show that she has substantial need or undue burden regarding the notes. *See Iaquinto v. Carnival Corp.,* Case No. 05-21652-JORDAN, ECF No. [18] (S.D. Fla. 2005) (holding that employee statements are protected by work product privilege). Finally,

---

[1] Moreover, the Plaintiff has not made this argument with respect to any of the documents sought.

6

because the statements were not provided to any third-parties, the undersigned need not reach the issue of waiver.

     C. <u>Witness Statements</u>

An in camera review of the witness statements gives credence to the Defendant's assertion that the witnesses statements were taken in anticipation of litigation. While the Plaintiff asserts that where documents are prepared for a purpose other than litigation, such as statutory or regulatory compliance, the question of whether the documents are entitled to protection turns on the "primary motivating purpose" behind the preparation, here the Plaintiff has provided an affidavit averring that it is the practice of the Defendant to gather witness statements in any incident that occurs on its ships in anticipation of litigation. ECF No. [44-1]. The witnesses statements are written on a prepared form provided by the Defendant and indicate that the statements were taken by the Defendant's personnel. As other courts have done previously, the undersigned finds that such documents were prepared in anticipation of litigation and are therefore protected by the work product doctrine. *See Bridgewater v. Carnival Corp.,* 286 F.R.D. 636, 644 (S.D. Fla. 2011) (holding that similar witness statements taken by a cruise personnel are protected by the work product doctrine).

The issue now becomes whether the Defendant waived the protection of the work protect doctrine by providing the witness statements to the FBI. The affidavit of Mr. Berman states that "Norwegian did not believe it could withhold the witness statements from the FBI without hindering their investigation." Norwegian did not believe the FBI was its adversary when it disclosed the witness statements to the FBI. Norwegian provided the witness statements to the FBI in order to cooperate with their investigation of a third party, i.e. Cirillo." ECF No. [44-1]. The protection of the work product doctrine is "waived when protected materials are disclosed in a way that substantially increases

the opportunity for potential adversaries to obtain the information." *Brown v. NCL,* 155 F. Supp. 3d 1335, 1339 (S.D. Fla. 2015).

While the Defendant appears to claim that disclosure of the witness statements was required under the Cruise Vessel Security and Safety act ("CVSSA"), there is nothing in the statute requiring the Defendant to provide witness statements in particular.[2]

The CVSSA includes a list of details that are required in the report: the vessel operator, the name of the cruise line, the flag under which the vessel was operating, the age and gender of the victim and the accused assailant, the nature of the alleged crime or complaint, including whether the alleged perpetrator was a passenger or crew member, the vessel position at the time of the incident, the time, date and method of the initial report, the time and date the incident occurred, the total number of passengers.[3]

---

[2] The reporting requirements of CVSSA state that

>> (g) Log book and reporting requirements
>> (1) In general- The owner of a vessel to which this section applies shall
>> (A) record in a log book, either electronically or otherwise, in a centralized location readily accessible to law enforcement personnel, a report on
>> (i) all complaints of crimes described in paragraph (3)(A)(i),
>> (ii) all complaints of theft or property valued in excess of $1,000, and
>> (iii) all complaints of other crimes, committed on any voyage that embarks or disemebarks passengers in the United States; and
>> (B) Make such log book available on request to any agent of the Federal Bureau of Investigation, any member of the United States Coast Guard, and any law enforcement officer performing official duties in the course and scope of an investigation.

46 U.S.C. §3507.

[3] The Defendant stated that it has provided the Cruise Line Report of Alleged Serious Violations of U.S. Law to the Plaintiff, and the report is therefore not subject to the briefing before the undersigned.

**While the CVSSA requires that the owner of the vessel has a duty to provide law enforcement, upon request "a copy of all records of video surveillance that the official believes may provide evidence of a crime reported to law enforcement officials" there is no similar requirement for witness statements. However, the undersigned finds that the analysis remains the same regardless of whether the CVSSA explicitly requires the production of witness statements to law enforcement. The determination of waiver turns on whether the statements were disclosed in such a way that "substantially increases the opportunity for potential adversaries to obtain the information."** *Stern v. O'Quinn*, **253 F.R.D. 663, 676 (S.D. Fla. 2008) (internal citations omitted). The situation at bar is nearly identical to the facts of** *Brown v. NCL***. In** *Brown***, the court found that NCL did not waive work product protection of a statement prepared by an alleged attacker when the cruise line provided the statement to port police.** *Brown v. NCL, Ltd.,* **155 F. Supp., 3d 1335 (S.D. Fla. 2015). The court found that because the purpose of the disclosure was to assist the port police in a non-adversarial effort in its investigation of others, it remained protected from disclosure as work product. The Court stated that "there is nothing in the record to suggest that NCL was in an adversarial relationship with the port police when it turned over a copy of the statement for which it claims work-protect protection."** *Id.* **at 1340. As in** *Brown***, there is nothing in the record to demonstrate that the Defendant and the FBI were in an adversarial posture, or that the Defendant produced the witness statements for any other reason besides cooperation. Apart from whether the disclosure was required under CVSSA, the undersigned finds that the Defendant did not waive the work-protect protection of the witness statements by providing them to the FBI.[4]**

---

[4] The cases cited by the Plaintiff in support of her waiver argument can be distinguished. *See Horne v. Carnival,* Case No. 15-21031-CIV-ALTONGA, ECF No. [39] (S.D. Fla. Sept. 3, 2015) (the court found that the work product protection was waived but there was no analysis in the record regarding what the Defendant provided to support its claim of privilege nor were there details related to what was disclosed and to whom); *Pruco Life Ins. Co. v. Brasner,* Case No. 10-80804-CIV, 2012 WL 300025 at *1 (S.D. Fla. July 23, 2012)

V. **CONCLUSION**

Accordingly, it is hereby

ORDERED the Defendant's work product objection as related to the incident report, notes of security personnel, and witness reports is sustained. The objection to providing an exemplar of the incident report is overruled. The Defendant shall therefore provide a copy of a blank incident report to the Plaintiff on or before August 11, 2017.

DONE AND ORDERED in Miami, Florida, in chambers, on August 8, 2017.

*Andrea M. Simonton*
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Kathleen M. Williams
All counsel of record via CM/ECF

---

(the court found that disclosure to Florida Department of Financial Services, Department of Insurance fraud substantially increased the likelihood that an adversary could obtain the document through a public records request. Here, as the Defendant points out, obtaining the documents produced to the FBI would be more difficult than a simple public records request as in *Pruco*, thus making it less likely that an adversary could obtain the documents). The other cases cited by the Plaintiff involve attorney-client privilege, not the work product doctrine and are therefore inapplicable. *See United States v. Gordon-Nikkar,* 518 F.2d 972 (5th Cir. 1975) (considering waiver of attorney-client privileged communications); *United States v. Suarez*, 820 F.2d 1158 (11th Cir. 1987) (same).